# United States District Court
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

LAILA ABEDIAN,                          §
                                        §
            *Plaintiff*,                §
                                        §
v.                                      §
                                        §
BRIAN MUELLER, KAG LEASING,             §   Civil Action No. 4:25-cv-512
INC., TRANSPORT RESOURCES,              §   Judge Mazzant
INC., KAG SPECIALTY PRODUCTS            §
GROUP, LLC, and YOKOHAMA TIRE           §
CORPORATION,                            §
                                        §
            *Defendants*.               §

## MEMORANDUM OPINION AND ORDER

Pending before the Court are various motions filed by Defendant Yokohama Tire Corporation. Having considered the motions, the relevant pleadings, and the applicable law, the Court finds as follows:

1. Defendant Yokohama Tire Corporation's Motion for Final Summary Judgment (the "Motion for Summary Judgment") (Dkt. #38) should be **GRANTED**;

2. Defendant Yokohama Tire Corporation's Motion to Dismiss Plaintiff's Third Amended Petition Pursuant to Rule 12(b)(6) (the "Motion to Dismiss") (Dkt. #29) should be **DENIED as moot**; and

3. Defendant Yokohama Tire Corporation's Opposed Motion to Exclude Plaintiffs' Designated Experts (the "Motion to Exclude") (Dkt. #46) should be **DENIED as moot**.

## BACKGROUND

This lawsuit arises from a motor vehicle accident that occurred on May 28, 2023 (Dkt. #18 at ¶ 10). Plaintiff Laila Abedian ("Plaintiff") was traveling northbound on Interstate Highway 35 alongside Defendant Brian Mueller ("Mueller") (Dkt. #18 at ¶ 10). Plaintiff alleges that "[t]he outside tire on the second row of the vehicle Defendant Mueller was driving lost its tread during

transit" (the "Subject Tire") (Dkt. #18 at ¶ 10). Plaintiff also contends that the "tread debris then made contact with [her] vehicle causing serious damages" (Dkt. #18 at ¶ 10).

Plaintiff asserts that Mueller was driving a truck owned by Defendant KAG Leasing, Inc., Defendant KAG Specialty Products Group, LLC ("KAG Specialty"), or Defendant Transport Resources, Inc. (Dkt. #18 at ¶ 10). Plaintiff further asserts the Subject Tire is a "Yokohama TY517" made by Defendant Yokohama Tire Corporation ("YTC") (Dkt. #18 at ¶ 13). Finally, it is undisputed that the Subject Tire was destroyed after the accident and is unavailable for inspection or analysis (Dkt. #38 at ¶ 6; Dkt. #47 at ¶ 10).

On May 14, 2025, Plaintiff initiated this lawsuit against Defendants[1] (Dkt. #1). On July 17, 2025, Plaintiff filed her Third Amended Petition (the "Complaint") (Dkt. #18). In the Complaint, Plaintiff asserts the following claims: (1) negligence against Mueller (Dkt. #18 at ¶ 11); (2) respondeat superior liability against KAG Leasing, Inc., KAG Specialty, and Transport Resources, Inc. (Dkt. #18 at ¶ 12); (3) negligence and negligence per se against KAG Leasing, Inc., KAG Specialty, and Transport Resources, Inc. for negligent entrustment, hiring, training, maintenance of the subject vehicle, and violations of applicable law (Dkt. #18 at ¶ 12); and (4) negligent design and manufacture against YTC (Dkt. #18 at ¶ 13).

On September 9, 2025, YTC filed its Motion to Dismiss urging the Court to dismiss Plaintiff's claims under Rule 12(b)(6) (Dkt. #29). Specifically, Defendant argues Plaintiff's Complaint "fails to plead all essential elements of a cause of action for negligent design or negligent manufacture and is devoid of any facts supporting a claim that YTC negligently designed or

---

[1] In Plaintiff's Third Amended Petition, Plaintiff identifies the following as Defendants: Brian Mueller, KAG Leasing Inc., Transport Resources Inc., KAG Specialty Products Group, LLC, and Yokohama Tire Corporation (Dkt. #18 at ¶¶ 5–9). Mueller and KAG Specialty contend plaintiff improperly named KAG Leasing, Inc., and Transport Resources, Inc. as Defendants (Dkt #39 at p. 1).

2

manufactured the subject tire" (Dkt. #20 at p. 1). Plaintiff responded, and YTC replied (Dkt. #32; Dkt. #35).

On October 30, 2025, YTC filed its Motion for Summary Judgment arguing Plaintiff's claims for negligent design and manufacture fail as a matter of law because Plaintiff failed to designate an expert witness to provide opinions on the design and manufacture of the Subject Tire and there is no evidence establishing the elements of her negligent design and manufacture claims (Dkt. #38). On November 20, 2025, Plaintiff responded (Dkt. #47). On November 26, 2025, YTC replied (Dkt. #48).

On November 14, 2025, YTC filed its Motion to Exclude arguing Plaintiff failed to properly designate her medical providers as non-retained experts under Rule 26(a)(2)(C) (Dkt. #46). Plaintiff did not respond.

The motions are now ripe for adjudication.

## LEGAL STANDARD

### I.    Motion to Dismiss

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen,* 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any

3

documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id*. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *In re S. Scrap Material Co*., LLC, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. at 678 (quoting *Twombly*, 550 U.S. at 570).

## II.    Motion for Summary Judgment

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper

4

under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion [for summary judgment]." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or

arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. *See Solomon v. Hous. Corrugated Box Co.*, 526 F.2d 389, 396–97 (5th Cir. 1976). Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## III.    Expert Disclosures under Federal Rule of Civil Procedure 26

Federal Rule of Civil Procedure 26(a)(2) governs the disclosure of expert testimony and provides a mandatory framework for disclosure of experts in federal court. FED. R. CIV. P. 26(a)(2)(B)–(C). The framework applies differently depending on how the expert became familiar with the facts that inform their opinion.

If a party retains or specially employs an expert to provide testimony, the party must provide a written report that includes: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case. FED. R. CIV. P. 26(a)(2)(B).

Before 2010, non-retained experts, such as treating physicians, were exempt from disclosure requirements. *Hooks v. Nationwide Hous. Sys.*, LLC, No. 15-729, 2016 WL 3667134, at *3 (E.D. La. July 11, 2016). After Congress's 2010 amendments to Rule 26, non-retained experts are

subject to some disclosure requirements—which are less stringent than those required by Rule 26(a)(2)(B). *Id.* Under Rule 26(a)(2)(C), the propounding party must prepare a "disclosure" regarding any expert witness who does not provide a written report. The disclosure of a non-retained witness must state (1) "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705" and (2) "a summary of the facts and opinions to which the witness is expected to testify." FED. R. CIV. P. 26(a)(2)(C).

## ANALYSIS

Pending before the Court are various motions filed by YTC (Dkt. #29; Dkt. #38; Dkt. #46). The Court will first consider the Motion for Summary Judgment, and then the Motion to Dismiss and Motion to Exclude.

## I.    Motion for Summary Judgment

YTC moves for summary judgment, arguing Plaintiff's negligent design and manufacture claims fail as a matter of law. As a threshold matter, Texas law applies. *See Erie R.R. v. Tompkins*, 304 U.S. 64, 79–80 (1938) (when sitting in diversity, the court will apply state substantive law and federal procedural law). Neither party contests this application.

Under Texas law, a claim for negligence arising out of personal injury caused by a defective product constitutes a "products liability action." TEX. CIV. PRAC. & REM. CODE § 82.001(2). Plaintiff asserts negligent design and manufacture claims against YTC (Dkt. #18). YTC argues both claims fail because Plaintiff did not timely designate an expert witness (Dkt. #38 at ¶¶ 12–22). Specifically, YTC argues "[e]xpert testimony is required in a tire disablement case" (Dkt. #38 at ¶ 13). In this case, the Court agrees.

First, "[t]o recover for a products liability claim alleging a design defect, a plaintiff must prove that (1) the product was defectively designed so as to render it unreasonably dangerous; (2) a

safer alternative design existed; and (3) the defect was a producing cause of the injury for which the plaintiff seeks recovery." *Goodner v. Hyundai Motor Co., Ltd.*, 650 F.3d 1034, 1040 (5th Cir. 2011) (internal quotes omitted) (quoting *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 311 (Tex. 2009)). Here, YTC argues that because "Plaintiff did not designate any expert witnesses to provide opinions in support of her design defect claims, including the required safer alternative design, her negligent design claims fail as a matter of law" (Dkt. # 38 at ¶ 15).

Second, to recover for a products liability claim alleging a manufacture defect, a plaintiff must prove that "a product deviates, in its construction or quality, from the specifications or planned output in a manner that renders it unreasonably dangerous." *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). Further, the plaintiff must show "the product was defective when it left the hands of the manufacturer and that the defect was a producing cause of [their] injuries." *Casey v. Toyota Motor Eng'g & Mfg. N. Am., Inc.*, 770 F.3d 322, 326 (5th. Cir. 2014) (citing *Cooper Tire & Rubber Co. v. Mendez*, 204 S.W.3d 797, 800 (Tex. 2006)). Here, YTC argues that Plaintiff's manufacture defect claim fails because "expert witness testimony is required to establish how the product deviated in its design rendering it unreasonably dangerous" (Dkt. # 38 at ¶ 16).

In response, Plaintiff does not dispute she failed to timely designate an expert witness.[2] Instead, Plaintiff argues that under Texas law, expert testimony is greatly encouraged but not required to prove negligent design or manufacture claims (Dkt. #47 at ¶ 18). The Court is not convinced by this argument. The absence of expert testimony in a tire failure case was discussed in *Velasquez v. EAN Holdings, LLC*, in which the court held that "[d]etermining the actual cause of a

---

[2]  Under the Court's August 8, 2025 Scheduling Order, Plaintiff was required to disclose expert testimony under Rule 26(a) and Local Rule CV-26(b) by October 3, 2025 (Dkt. #23).

tire blowout necessarily 'involves the use of specialized equipment and techniques unfamiliar to the ordinary person.'" No. 3:17-CV-1656-BH, 2018 WL 5924037, at *9 (N.D. Tex. Nov. 13, 2018) (collecting cases) (quoting *Nissan Motor Co. Ltd. v. Armstrong*, 145 S.W.3d 131, 137 (Tex. 2004)). Indeed, "[t]ire chemistry and design and the adhesion properties of tire components is a highly specialized field." *Mendez*, 204 S.W. 3d at 806. Further, "whether the tire contained a defect and whether that defect caused the accident involves complex questions of chemistry, engineering and physics beyond the general understanding and common knowledge of laypersons." *Romo v. Ford Motor Co.*, 798 F. Supp. 2d 798, 810 (S.D. Tex. 2011).

Accordingly, given that Plaintiff's negligent defect and manufacture claims involve the failure of the Subject Tire, the Court agrees that expert testimony is required. *See Fish v. Siebert*, No. 6:23-CV-773-DTG, 2025 WL 2618562, at *3 (W.D. Tex. Apr. 10, 2025) ("The fact that an injury occurred does not, itself, establish that a product was defective or that it caused the injury."). Without such expert testimony, Plaintiff has no evidence to establish the existence of a product defect, the existence of a safer alternative design, or the Subject Tire's deviation from its design rendering it unreasonably dangerous—essential elements to Plaintiff's products liability action.

Before concluding that the absence of expert testimony justifies summary judgment in favor of YTC, the Court must consider a secondary issue: whether the absence of the tire, at no fault of Plaintiff, can preclude summary judgment in favor of YTC. In support of preclusion, Plaintiff argues the following:

> While the ideal scenario in this matter would be for the tire to be examined by the parties' experts, unfortunately the defective tire in question was not preserved and was destroyed at no fault of Plaintiff's, leaving only the picture of the tire after its failure as evidence of the tire's condition.

(Dkt. #47 at ¶ 19).

9

YTC does not dispute this. The Subject Tire is not available for inspection or analysis (Dkt. #38 at ¶ 17). As a result, Plaintiff contends spoliation is at issue and argues "[t]he jury may reasonably infer that the missing evidence would have been unfavorable to [YTC]." Again, the Court is not convinced by this argument.

To warrant an adverse-inference instruction based on spoliation, a party must establish: "(1) the spoliating party must have controlled the evidence and been under an obligation to preserve it at the time of destruction; (2) the evidence must have been intentionally destroyed; and (3) the moving party must show that the spoliating party acted in bad faith." *Coastal Bridge Co., L.L.C. v. Heatec, Inc.*, 833 F. App'x 565, 574 (5th Cir. 2020) (per curiam) (unpublished). Here, Plaintiff does not allege YTC had a duty to preserve the Subject Tire, let alone that it intentionally destroyed it. In fact, Plaintiff alleges the Subject Tire "was not preserved and was destroyed by Defendant Yokohama's *co-defendants*" (Dkt. #47 at ¶ 21) (emphasis added). This is insufficient to warrant a spoliation instruction against YTC.

Plaintiff also contends that due to the non-existence of this key piece of evidence, "circumstantial evidence must be relied upon to determine how the tire was defective and who was responsible for said defect" (Dkt. #47 at ¶ 19). In the absence of expert testimony, Plaintiff relies on the following circumstantial evidence: "[p]hotographic evidence showing the tire separation, evidence in the way of maintenance and repair records, and deposition testimony confirming the uncertainty about retreading and proper maintenance" (Dkt. #47 at ¶ 18). This evidence is insufficient to raise a genuine issue of material fact in Plaintiffs' negligent design and manufacture claims.

To begin with, Plaintiff's summary judgment evidence that the Subject Tire was improperly maintained or repaired undermines her negligent manufacture claim because the condition of the Subject Tire seemingly changed after it left YTC's control. *See Casey*, 770 F.3d at 326. Further, this circumstantial evidence fails to identify a defect in the design of the Subject Tire that was the producing cause of the accident. *Goodner*, 650 F.3d at 1040. Other than the existence of the accident itself, Plaintiff has not presented any evidence suggesting YTC negligently designed or manufactured the Subject Tire. Because Plaintiff tenders no competent evidence that identifies a specific defect or condition in the Subject Tire and fails to rule out other possible causes of the Subject Tire's failure, Plaintiff's claims against YTC fail as a matter of law.

Accordingly, YTC's Motion for Summary Judgment against Plaintiff should be **GRANTED**.

## II.    Motion to Dismiss and Motion to Exclude

Having determined that YTC is entitled to summary judgment, the Court finds YTC's Motion to Dismiss and Motion to Exclude should be **DENIED as moot**.

## CONCLUSION

It is therefore **ORDERED** that Defendant Yokohama Tire Corporation's Motion for Final Summary Judgment (Dkt. #38) is hereby **GRANTED**.

It is further **ORDERED** that all claims against Defendant Yokohama Tire Corporation are **DISMISSED with prejudice**.

It is further **ORDERED** that Defendant Yokohama Tire Corporation's Motion to Dismiss Plaintiff's Third Amended Petition Pursuant to Rule 12(b)(6) (Dkt. #29) and Defendant Yokohama Tire Corporation's Opposed Motion to Exclude Plaintiffs' Designated Experts (the "Motion to Exclude") (Dkt. #46) are hereby **DENIED as moot**.

**IT IS SO ORDERED.**

**SIGNED this 17th day of February, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE