# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

LAILA ABEDIAN, §
              §
             *Plaintiff*, §
              §
v. §
              §
BRIAN MUELLER, KAG LEASING, §   Civil Action No. 4:25-cv-512
INC., TRANSPORT RESOURCES, §   Judge Mazzant
INC., KAG SPECIALTY PRODUCTS §
GROUP, LLC, and YOKOHAMA TIRE §
CORPORATION, §
              §
             *Defendants*. §

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court are various motions. Having considered the motions, the relevant pleadings, and the applicable law, the Court finds as follows:

1. Defendants Brian Mueller and KAG Specialty Products Group, LLC's Motion to Dismiss Plaintiff's Third Amended Petition Pursuant to Rule 12(b)(6) (the "Motion to Dismiss") (Dkt. #30) should be **DENIED**;

2. Defendants Brian Mueller and KAG Specialty Products Group, LLC's First Amended Motion for Summary Judgment (the "Motion for Summary Judgment") (Dkt. #39) should be **DENIED**; and

3. Plaintiff's Motion to Quash Defendant Yokohama Tire Corporation's Notice of Deposition of Plaintiff Laila Abedian and Defendant KAG Specialty Products Group, LLC's Cross Notice of Intention to Take the Deposition of Plaintiff (the "Motion to Quash") (Dkt. #45) should be **GRANTED**.

## BACKGROUND

This lawsuit arises from a motor vehicle accident that occurred on May 28, 2023 (Dkt. #18). The factual background of the instant case has been set forth in the Court's February 17, 2026 Memorandum Opinion and Order and is incorporated herein (Dkt. #53).

On May 14, 2025, Plaintiff Laila Abedian ("Plaintiff") initiated this lawsuit against various defendants, including Defendant Brian Mueller ("Mueller") and his employer, Defendant KAG Specialty Products Group, LLC ("KAG Specialty") (Dkt. #1; Dkt. #7). On July 17, 2025, Plaintiff filed her Third Amended Petition (the "Complaint") (Dkt. #18).[1] In the Complaint, Plaintiff asserts the following relevant claims: (1) negligence against Mueller; (2) vicarious liability against KAG Specialty under a respondeat superior theory; and (3) negligence and negligence per se against KAG Specialty (Dkt. #18 at ¶¶ 11–12).

On September 11, 2025, Mueller and KAG Specialty filed their Motion to Dismiss urging the Court to dismiss Plaintiff's claims under Rule 12(b)(6) (Dkt. #30). Specifically, Mueller and KAG Specialty argue Plaintiff's Complaint is "devoid of any facts" to support Plaintiff's claims against them (Dkt. #30). Plaintiff responded (Dkt. #33).

On October 30, 2025, Mueller and KAG Specialty filed their First Amended Motion for Summary Judgment arguing Plaintiff's claims against them fail as a matter of law (Dkt. #39).[2] Plaintiff responded (Dkt. #42).

Finally, on November 11, 2025, Plaintiff filed her Motion to Quash objecting to Defendants' Notice of Deposition of Plaintiff for her second deposition, which was unilaterally set for November 25, 2025 (Dkt. #45). Defendants did not respond. The motions are ripe for adjudication.

---

[1] Within Plaintiff's Third Amended Petition, Plaintiff identifies the following as Defendants: Brian Mueller, KAG Leasing Inc., Transport Resources Inc., KAG Specialty Products Group, LLC, and Yokohama Tire Corporation (Dkt. #18 at ¶¶ 5–9). Mueller and KAG Specialty contend Plaintiff improperly named KAG Leasing, Inc., and Transport Resources, Inc. as Defendants in this case (Dkt #39 at p. 1). Seemingly, Plaintiff does not dispute this (Dkt. #42).

[2] Previously, on August 8, 2025, Mueller and KAG Specialty filed a motion for summary judgment on similar grounds (Dkt. #24). The parties briefed various issues raised in this original motion (Dkt. #27; Dkt. #28). However, the Court considers the arguments made in the First Amended Motion for Summary Judgment (Dkt. #39) and in the Amended Response (Dkt. #42).

**LEGAL STANDARD**

I.      **Motion to Dismiss**

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen,* 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556

U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id*. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *In re S. Scrap Material Co.*, LLC, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. at 678 (quoting *Twombly*, 550 U.S. at 570).

## II.    Motion for Summary Judgment

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id*. The trial court "must resolve all reasonable doubts in favor of the party opposing the motion [for summary judgment]." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden

of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. *See Solomon v. Hous. Corrugated Box Co.*, 526 F.2d 389, 396–97 (5th Cir. 1976). Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

Pending before the Court are various motions (Dkt. #30; Dkt. #39; Dkt. #45). The Court will first consider the Motion to Dismiss, then the Motion for Summary Judgment, and finally, the Motion to Quash.

## I.    Motion to Dismiss

After reviewing Plaintiff's Complaint and the arguments presented in the briefs, the Court finds that Plaintiff has stated plausible claims for relief against Mueller and KAG Specialty under Rule 12(b)(6). Dismissal is unwarranted. Defendants Mueller and KAG Specialty's Motion to Dismiss should therefore be **DENIED**.

## II.    Motion for Summary Judgment

Mueller and KAG Specialty move for summary judgment arguing the following: (1) Mueller did not breach any duty of care while operating the tractor-trailer whenever the tire tread detached and collided with Plaintiff's vehicle; (2) Mueller did not breach any duty of care as to ensuring the vehicles safe condition; and (3) Plaintiff has no evidence to support that KAG Specialty was negligent or negligent per se in hiring, training, or entrusting Mueller as commercial vehicle operator (Dkt. #39 at pp. 4–10). In response, Plaintiff argues summary judgment would be inappropriate (Dkt. #42). Specifically, Plaintiff alleges Mueller and KAG Specialty breached their duties under both Texas common law and the Federal Motor Carrier Safety Regulations by failing to properly inspect, maintain, and operate the commercial tractor-trailer involved in the accident (Dkt. #42 at p. 1). To support this allegation, Plaintiff attaches the following evidence to their Response: (1) Deposition of Plaintiff (Dkt. #42-1); (2) Deposition of Daniel Wright, KAG Specialty's corporate representative (Dkt. #42-2); (3) photographs of the Subject Tire and damage to Plaintiff's vehicle; (4) June 28, 2023 Texas Peace Officers' Crash Report (Dkt. #42-4); (5) Texas Peace Officer's Crash Report – Code Sheet (Dkt. #42-5); (6) maintenance receipt for the Subject Tire (Dkt. #42-6); and (7) Deposition of Mueller (Dkt. #42-7).

After careful review of the record and the arguments, the Court is not convinced that Mueller and KAG Specialty have met their burden demonstrating that there is no material issue of

fact as to Plaintiff's claims entitling Mueller and KAG Specialty to judgment as a matter of law. Ultimately, whether Plaintiff can prevail and recover damages for those claims before a jury is a question for another day. Accordingly, Mueller and KAG Specialty's Motion for Summary Judgment against Plaintiff should be **DENIED**.

### III.    Motion to Quash

The Court finally addresses Plaintiff's Motion to Quash. To quash a notice of deposition, the movant must "show good cause and the need for protection." *United States ex rel. Woodard v. Davita, Inc.*, No. 1:05-cv-2274, 2011 WL 13199233, at *3 (E.D. Tex. Sep. 26, 2011) (citing *Staton Holdings, Inc. v. Russell Athletic, Inc.*, No. 3:09-cv-419, 2010 WL 1372749, at *2 (N.D. Tex. Apr. 7, 2010)). "'Good' cause exists when justice requires the protection of 'a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Ferko v. Nat'l Ass'n for Stock Car Racing, Inc.*, 218 F.R.D. 125, 133 (E.D. Tex. 2003) (quoting FED. R. CIV. P. 26(c)).

Here, Plaintiff's Motion to Quash argues that Defendants unilaterally selected a date and time to take Plaintiff's *second* deposition and such request imposed an undue burden on Plaintiff (Dkt. #45 at ¶¶ 2, 4). Without a response, the Court presumes Defendants agree.[3] Accordingly, the Court finds Plaintiff's Motion to Quash should be **GRANTED**.

**CONCLUSION**

It is therefore **ORDERED** that Defendant Brian Mueller and KAG Specialty Products Group, LLC's Motion to Dismiss Plaintiff's Third Amended Petition Pursuant to Rule 12(b)(6) (Dkt. #30) is hereby **DENIED**.

---

[3] "A party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion." LOCAL RULE CV-7(d).

It is further **ORDERED** that Defendant Brian Mueller and KAG Specialty Products Group, LLC's First Amended Motion for Summary Judgment (Dkt. #39) is hereby **DENIED**.

It is further **ORDERED** that Plaintiff's Motion to Quash Defendant Yokohama's Tire Corporation's Notice of Deposition of Plaintiff Laila Abedian and Defendant KAG Specialty Products Group, LLC's Cross Notice of Intention to Take the Deposition of Plaintiff (Dkt. #45) should be **GRANTED**.

**IT IS SO ORDERED.**

**SIGNED this 18th day of February, 2026.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

8